IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD GADISON, COREY BUSH, SANDRA MONTGOMERY, as best friend of BRIAN BUSH, and PATRICIA GADISON, as best friend of FREDRICK SILER, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> SGT. MCGUIRE, OFFICERS DURKIN, LINDGREN, SULLIVAN, MCKENDRY and THE CITY OF CHICAGO, A MUNICIPAL CORPORATION, <br><br> Defendants. | No. 09 C 0001 <br><br> Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

This case stems from an encounter between plaintiffs and the defendant police officers on January 1, 2008. Plaintiffs allege that the defendant officers detained them without probable cause, seized them unlawfully, and used excessive force on them. As a result of this alleged encounter, plaintiffs have brought claims under 42 U.S.C. § 1983, as well as supplemental state law claims for assault, battery and illegal detention. The parties have filed their final pretrial order (doc. # 50), and the case is set for a jury trial to begin on May 10, 2010.

Pending before the Court are motions *in limine* brought by defendants, which are denominated in the final pretrial order as Motions *In Limine* Nos. 2, 8, 9 and 10. By an earlier order dated November 18, 2009, the Court ruled on all other motions *in limine* brought by the parties (doc. # 52). The Court's rulings on the remaining motions *in limine* are set forth below.

I.

In Motion *In Limine* No. 2, defendants seek to bar any evidence of Chicago Police Department general orders, rules and regulations. More particularly, defendants argue that any evidence that they violated those rules or regulations is irrelevant to the question of whether they violated Section 1983 or state law (Defs.' Mem. at 1-3). Plaintiffs concede that point, but argue that evidence of alleged violations of general orders, rules and regulations should be admitted to show "the state of mind of the Defendant Officers," which plaintiffs say would be relevant to show that they failed to follow those orders, rules or regulations "to cover up their actions as well as to harass the Plaintiffs" (Pls.' Resp. at 1-2).

Plaintiffs' conclusory, undeveloped argument is unpersuasive. Plaintiffs do not disclose what violations of general orders, rules and regulations they seek to offer into evidence, or how any such violation effectuated an alleged cover up. Plaintiffs have failed to show that evidence of any alleged violations would be relevant.

We are mindful that the Seventh Circuit pattern jury instructions contain a limiting instruction concerning evidence of statutes, administrative rules, regulations and policies. Seventh Circuit Pattern Jury Instruction 7.04. However, the Committee Comments to that instruction state that "the Committee takes no position on whether or when such evidence should be admitted or excluded." *Id.* Given plaintiffs' failure to establish the relevance of this evidence to any issue in the case, we see no reason to permit this evidence even with the limiting instruction, and thereby unnecessarily incur the risk that notwithstanding the instruction, "the jury might improperly assume a violation of police regulations also constitutes a Constitutional violation." *Walker v.*

*Saenz*, No. 91 C 3669, 1992 WL 317188, *4 (N.D. Ill. Oct. 27, 1992). We therefore grant defendants' Motion *In limine* No. 2.

## II.

In Motion *In Limine* No. 8, defendants seek to bar plaintiffs from arguing that the jury should "send a message" to the City with its verdict. Defendants contend that this argument improperly asks the jury to punish the City, when punitive damages are not recoverable from the City (Defs.' Mem. at 3). In addition, defendants say that by making this argument, plaintiffs would improperly suggest to the jury that the City has a "deep pocket" from which to pay any damages (*Id.* at 4).

We disagree. Asking the jury to send a message by its verdict does not necessarily imply that the jury should punish the City. It is fair argument for plaintiffs to assert that the jury should hold the defendant officers and the City responsible for the alleged abuse of plaintiffs, and in that sense "send a message" that defendants may not escape responsibility for their actions. So long as plaintiffs limit any arguments about "sending a message" in this way, we see nothing improper about the argument. Defendants Motion *In Limine* No. 8 is denied.

## III.

Defendants' Motion *In Limine* No. 9 seeks to bar any evidence or argument about complaint register files, including the underlying complaint register, complaint histories or pending legal matters. While defendants raise a number of objections to the admissibility of this evidence (Defs.' Mem. at 4-9), they recognize that evidence of other acts may be admissible if offered not to show propensity to act in a certain way, but for one of the permitted purposes set forth in Federal Rule of Evidence 404(b). As defendants further acknowledge, the admissibility of evidence concerning any

3

complaints involving the defendant officers is governed by the four-pronged test set forth in *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000).

In this case, plaintiffs have not indicated which particular complaint registers or other acts of the defendants they seek to offer, and defendants have not identified which specific complaint registers or other acts the defendant officers contend should be excluded. Therefore, at this time, the Court cannot determine whether any particular complaint registers involving the defendant officers are relevant, and, if so, whether their probative value is outweighed by the danger of unfair prejudice.

Accordingly, the Court concludes that the proper course is to grant defendants' motion to exclude that evidence provisionally, without prejudice to the right of plaintiffs to seek admission of that evidence at trial. We will not permit plaintiffs to present any evidence concerning complaint registers, or make any argument to the jury about other acts, unless plaintiffs have first moved – outside the presence of the jury – for introduction of the evidence, and the Court has ruled that the evidence is admissible.

## IV.

In Motion *In Limine* No. 10, defendants seek to bar evidence that some or all of the plaintiffs are "good guys" (Defs.' Mem. at 10-11). Defendants argue that this evidence would be cumulative (although they don't say what it would be cumulative to), and that it is irrelevant to whether the defendant officers "conspired, failed to intervene, used excessive force . . . assaulted and battered . . . , or illegally seized Plaintiffs" (*Id.* at 10). Plaintiffs say that they would offer evidence that one or more plaintiffs were "good guys" solely to rebut defendants' expected testimony that plaintiffs were uncooperative and did not obey their orders (Defs.' Resp. at 3).

4

Thus, plaintiffs' stated purpose is to use evidence that plaintiffs were generally "good guys" to persuade the jury that they were also "good guys" on January 1, 2008, and thus did not fail cooperate with the defendants. That stated purpose sounds suspiciously like the kind of propensity evidence that is inadmissible under Federal Rule of Evidence 404(a), which bars admission of evidence of a character trait "for the purpose of proving action and conformity therewith on a particular occasion." We therefore grant defendants' Motion *In Limine* No. 10.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' Motions *In Limine* Nos. 2 and 10; provisionally grants Motion *In Limine* No. 9, with the proviso that plaintiffs may seek to offer evidence of complaint registers or other acts of the defendants only if they first proffer that evidence outside the presence of the jury and the Court rules the evidence admissible; and denies defendants' Motion *In Limine* No. 8. With respect to the motions *in limine* that the Court has granted, plaintiffs may not offer any evidence or argument on those matters, and are responsible for advising their witnesses of this ruling and admonishing them to avoid reference to matters barred by this ruling.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: January 22, 2010**